In the Matter of PAUL E. DuBOIS (Admitted as PAUL EUGENE DuBOIS), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 11, 1993

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Khadijah Muhammad-Starling* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained four charges of professional misconduct against the respondent. The petitioner moved to confirm the report of the Special Referee and the respondent's counsel submitted an affirmation

in response, requesting that the respondent be censured for his professional misconduct.

Charge One, as amended, alleged that the respondent was retained to defend Howard and Ilene Binnick in or about January 1987 for nonpayment of a bill for dental services. The respondent agreed to interpose a counterclaim in the action on behalf of his clients. He failed to appear at an arbitration hearing scheduled for January 13, 1988. Consequently, a default judgment was entered against the Binnicks. The respondent moved, on or about April 18, 1988, to vacate the default judgment. The motion was granted, and the action was restored to the arbitration calendar. A second default judgment was entered against the respondent's clients after the respondent failed to appear at an arbitration hearing scheduled for July 29, 1988. On or about September 1, 1988, the respondent attempted to vacate the second default, but the application was denied "with leave to renew upon proper papers, including a current affidavit of merit" explaining the long delay. The respondent resubmitted the order to show cause on September 8, 1988, with an affidavit of merit, purportedly bearing the signature of Howard Binnick. The respondent wrongfully notarized that signature.

Charge Two alleged that the respondent neglected the matter detailed in Charge One.

Charge Three alleged that the respondent neglected a second legal matter for which he was retained by the clients in Charge One. The respondent filed a notice of claim on or about September 29, 1986, against the City of New York and the Board of Education for unlawful detention of his clients' child.

The complaint was served in or about August 1987, and an answer was received on or about August 28, 1987, along with a demand for a bill of particulars. The respondent took no further action until he removed himself from the case in August 1988.

Charge Four alleged that the respondent neglected a personal injury action on behalf of the infant son of his client, Josephine Mediate. After being retained in or about April 1986, the respondent commenced the action, and an examination before trial was held on or about September 1, 1987. The respondent thereafter failed to communicate with his client and failed to advise her of his new office address. In or about 1989, the respondent turned the file over to another attorney without the knowledge or consent of his client.

After reviewing all of the evidence adduced, we find that the Special Referee properly sustained the four charges of professional misconduct, as amended, against the respondent. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining the appropriate measure of discipline to be imposed, we have taken into consideration the mitigating factors advanced by the respondent. The respondent has, where possible, made his clients whole at his own expense. He testified with candor throughout the proceedings and conceded his errors. Inasmuch as the respondent is no longer involved in private practice, there is very little likelihood that his misconduct will be repeated. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Paul E. DuBois, is hereby censured for his misconduct.